IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH FOLKS, JR., | § | |
| | § | No. 333, 2015 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. 14M-06-018 (Cr. ID |
| | § | No. 30103873DI) |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: July 31, 2015
Decided: August 6, 2015

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## O R D E R

This 6th day of August 2015, upon consideration of the notice to show cause issued by the Clerk, the response to the notice to show cause filed by the appellant, and the answer filed by the State, it appears to the Court that:

(1) The appellant, Joseph Folks, Jr. ("Folks"), is incarcerated at the James T. Vaughn Correctional Center ("JTVCC"). On June 5, 2014, Folks filed a petition for a writ of habeas corpus in the Superior Court. The Superior Court denied the petition in an order dated June 10, 2014 and docketed on June 11, 2014.

(2) Folks filed an appeal from the June 10, 2014 order on June 29, 2015. On its face, the notice of appeal was untimely filed. To invoke this Court's appellate jurisdiction, a notice of appeal must be filed within thirty days after entry upon the docket of the appeal from which the appeal is taken.[1] The only exception to the rule is when the appellant can demonstrate that the failure to file the appeal within the thirty-day period is attributable to court personnel.[2]

(3) The Clerk issued a notice directing Folks to show cause why the appeal should not be dismissed as untimely filed.[3] In response to the notice, Folks asserts that the delay in filing the appeal was caused by the Superior Court's failure to send him the June 10, 2014 order. Folks contends that he was not made aware of the June 10 order until October 21, 2014, when he received the Superior Court docket sheet he had requested from the Prothonotary. According to Folks, upon receiving the docket sheet and realizing that the Superior Court had denied the habeas corpus petition on June 10, 2014, he immediately wrote to the Prothonotary and requested a copy of the June 10 order.

---

[1] Del. Supr. Ct. R. 6(a).
[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] *See* Del. Supr. Ct. R. 29(b) (governing involuntary dismissal upon notice of the Court).

(4)   At the Court's request, the State filed an answer to Folks' response to the notice to show cause.  The State reports that the JTVCC legal mail log from June 10, 2014 to July 31, 2015 reflects that Folks received mail from the Prothonotary only on October 20 and 21, 2014.  The State agrees that the untimely filing of Folks' notice of appeal appears to be attributable to court personnel.

(5)   Having carefully considered the parties' positions, we are constrained to conclude that the appeal must be dismissed as untimely filed.  On similar facts in previous cases, the Court has dismissed an untimely appeal when the appellant failed to file the notice of appeal within thirty days of receiving the docket sheet notifying the appellant of the trial court's decision.[4]  Folks' case does not warrant different treatment.  In any event, Folks admitted that the Prothonotary sent Folks a copy of the court's order denying his petition on November 17, 2014, and he nonetheless waited until June 29, 2015 to file his notice of appeal.

(6)   The time period within which to file a notice of appeal is mandatory and jurisdictional.[5]  In this case, it was incumbent upon Folks to file the notice of appeal within thirty days of October 21, 2014, the date he

---

[4] *See Forehand v. State*, 2013 WL 1633272 (Del. Feb. 25, 2013); *Barnett v. State*, 2006 WL 2371338 (Del. Aug. 14, 2006); *Davis v. State*, 2000 WL 949647 (Del. April 14, 2000).

[5] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

admittedly received the Superior Court docket sheet notifying him that the court had denied the petition for a writ of habeas corpus. Folks waited more than eight months after receiving the docket sheet to file the notice of appeal.

(7) The record does not reflect that court-related personnel prevented Folks from filing the notice of appeal within thirty days of his receipt of the docket sheet notifying him of the Superior Court's denial of his habeas corpus petition. Under these circumstances, we conclude that Folks' appeal was untimely filed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6(a) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

4